UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH E. ORFANO, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-00970-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| NV ENERGY, INC., a corporation, d/b/a NV ) | |
| ENERGY, and DOES and ROES 1-50, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14) filed by Defendant NV Energy, Inc. ("Defendant").[1] Also pending before the Court is the Motion for Sanctions (ECF No. 15) filed by Defendant. Plaintiff Joseph E. Orfano ("Plaintiff") filed one Opposition in which he responds to both Defendant's Motion to Dismiss and Defendant's Motion for Sanctions. (ECF No. 17.) Accordingly, Defendant filed a single Reply to that Response. (ECF No. 18.)

## I.  BACKGROUND

This case arises from the termination of Plaintiff's employment with Defendant NV Energy. (Am. Compl. ¶ 10, ECF No. 1.) Plaintiff's Amended Complaint alleges that Defendant hired Plaintiff on September 6, 2005. (*Id.* at ¶ 6.) While employed by Defendant, "Plaintiff was a vested participant and vested in the NV Energy 401(k) Plan." (*Id.* at ¶ 3.) During this time, Plaintiff was also a "vested participant in the NV Energy Retirement Plan. (*Id.* at ¶ 4.)

---

[1] Defendant previously filed a Motion to Dismiss Plaintiff's original complaint. (ECF No. 6.) However, in light of Plaintiff's subsequent filing of his Amended Complaint (ECF No. 10) and Defendant's later filing of a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14), Defendant's original Motion to Dismiss (ECF No. 6) is DENIED as MOOT. Accordingly, this Order addresses only Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 14.)

Throughout Plaintiff's employment, he "directly supervised two (2) employees and was responsible for approximately twenty-one (21) employees" without ever being "counseled about his behavior in the workplace." (*Id.* at ¶¶ 7-8.)

The Amended Complaint claims that on June 9, 2011, Plaintiff received a letter terminating him from his position as "Assistant Treasurer and Director Capital Markets effective on June 3, 2011." (*Id.* at ¶ 10.)  Defendant represented to Plaintiff that this termination resulted from allegations by a co-worker. (*Id.* at ¶¶ 9, 12.)  Plaintiff, on the other hand, alleges that "he was terminated without cause as a pretext to avoid the expense of contributions on his behalf" by Defendant to Plaintiff's 401(k) and Retirement plans. (*Id.* at ¶ 11.)

After his termination, Plaintiff filed the instant lawsuit alleging one cause of action for "violation of ERISA." (*See generally* Compl., ECF No. 1.)  Defendant subsequently filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 6.)  Thereafter, Plaintiff filed an Amended Complaint. (ECF No. 10.)  In response, Defendant filed the instant Motion to Dismiss (ECF No. 14) and Motion for Sanctions (ECF No. 15).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

      A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

### III. DISCUSSION

      Section 510 of the Employee Retirement Income Security Act ("ERISA") provides that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . .." ERISA, § 510, 29 U.S.C. § 1140.  To adequately plead the elements of section 510, Plaintiff must allege that (1) his employer discharged, fined, suspended, expelled, disciplined, or discriminated against him (2) with the specific intent to (3) deprive him of a benefit to which he may become entitled. 29 U.S.C. § 1140; *see also Dytrt v. Mountain States Tel. & Tel. Co.*, 921 F.2d 889, 896 (9th Cir. 1990) ("A claimant must show that employment was terminated because of a specific intent to interfere with ERISA rights in order to prevail under § 510; no action lies where the alleged loss of rights is a mere consequence, as opposed to a motivating factor behind the termination").

Defendant argues that the Court should dismiss Plaintiff's Amended Complaint with prejudice because it fails to allege sufficient factual allegations to satisfy the pleading standard articulated by the Supreme Court in *Twombly* and *Iqbal*.[2]  Namely, Defendant contends that the Amended Complaint lacks the factual basis from which the Court can conclude that a violation of section 510 of the Employee Retirement Income Security Act ("ERISA") is plausible. Defendant appears to be arguing that the absence of the phrase "specific intent" from Plaintiff's Amended Complaint is fatal.  The Court disagrees.

Plaintiff's Amended Complaint alleges that he was employed by Defendant for nearly six years without ever being "counseled about his behavior in the workplace." (Am. Compl. ¶¶ 6-9, ECF No. 10.)  Plaintiff further alleges that he "was never given an opportunity to respond to the allegations asserted in the letter of termination" before his employment was terminated effective on June 3, 2011. (*Id.* at ¶¶ 9-10.)  Finally, Plaintiff alleges that "he was terminated without cause as a pretext to avoid the expense of contributions on his behalf" by Defendants to his 401(k) and Retirement Plans. (*Id.* ¶ 12.)  Through these allegations, Plaintiff has alleged that Defendant discharged him with the intent to avoid contributing to Plaintiff's retirement accounts.  Thus, Plaintiff has alleged that Defendant acted with the specific intent to deprive him of these benefits.

Defendant has failed to persuade the Court otherwise.  Defendant's Motion is replete with non-controlling case law where courts have "dismissed similar claims with bare legal conclusions unsupported by factual allegations." (Def.'s Mot. to Dismiss 4:6-16, ECF No. 14 (citing *Smith v. W. Manheim Twp.*, No. 1:11-cv-00778, 2011 WL 5117618, at *3 (M.D. Pa. Oct. 25, 2011; *Hollowell v. Cincinnati Ventilating Co.*, 711 F. Supp. 2d 751, 758-59 (E.D. Ky. 2010).)  These citations are insufficient to overcome the factual allegations in Plaintiff's

---

[2] Although Defendant raised a colorable claim that Plaintiff's entire lawsuit is barred by claim preclusion (Mot. to Dismiss 5:18-10:3, ECF No. 14), Defendant expressly withdrew that argument in its Reply Brief (Def.'s Reply. n.1, ECF No. 18).  Accordingly, the Court declines to analyze that basis for dismissal in this Order.

Amended Complaint that, when taken as true, allege a plausible violation of section 510. Accordingly, Defendant's Motion to Dismiss is denied.

## IV.   SANCTIONS

Defendant also requests, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the Court impose sanctions on Plaintiff and his attorney for filing a frivolous complaint. "An attorney is subject to Rule 11 sanctions, among other reasons, when he [or she] presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005) (second and third alterations in original) (quoting Fed. R. Civ. P. 11(b)(2)).

As discussed above, the Court has already concluded that the factual allegations in Plaintiff's Amended Complaint are sufficient to survive a Motion to Dismiss for failure to state a claim. Accordingly, the Court finds that a lack of factual allegations cannot serve as the basis for an imposition of Rule 11 sanctions in this case. Because Plaintiff's Amended Complaint survives Defendant's Motion to Dismiss, Defendant's Motion for Sanctions is also denied.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's Complaint (ECF No. 6) filed by Defendant NV Energy Inc. is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14) filed by Defendant NV Energy Inc. is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Sanctions (ECF No. 15) filed by Defendant NV Energy Inc. is **DENIED**

**DATED** this 20th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge